IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY THOMAS,
:
Plaintiff
:
: CIVIL NO. 1:CV-10-2437
vs.
:
: (Judge Caldwell)
RAYMOND LAWLER,
:
SUPERINTENDENT, *et al.*,
:
Defendants
:

*M E M O R A N D U M*

I. *Introduction*

The pro se plaintiff, Gregory Thomas, an inmate at the Huntingdon State Correctional Institution (SCI-Huntingdon), in Huntingdon, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 asserting two claims. His first claim is that he was subject to retaliation for the exercise of his First Amendment right to free speech when he wrote a letter to a professor at Pennsylvania State University. His second is a First Amendment free-exercise claim that he is unable to practice his religion in the prison chapel.[1] Named as defendants are the following SCI-Huntingdon employees: Superintendent Lawler; Program Director Keller; and Activities Specialist Frailey.

---

[1] Plaintiff also bases this claim on what he calls the "PLUIPA ACT," which we believe is an attempt to invoke RLUIPA, the Religious Land Use and Institutionalized Persons Act. 42 U.S.C. § 2000cc et seq.

Plaintiff has submitted an application to proceed in forma pauperis. This application will be granted, but in examining the complaint under 28 U.S.C. § 1915(e)(2)(B) for legal sufficiency, we will dismiss the complaint for failure to state a claim upon which relief may be granted. However, Plaintiff will be granted leave to file an amended complaint.

II.     *Standard of Review*

A complaint filed in forma pauperis may be dismissed if it is determined that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. In deciding whether the complaint fails to state a claim the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "[L]abels and conclusions" are not enough, *id.*, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Pro se litigants are to be granted leave to file an amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

III. *Background*

The complaint alleges the following on the retaliation claim. On June 2, 2010, Thomas sent "a personal letter to a private U.S. citizen," Penn State University Professor Mark Bergstorm, exercising his First Amendment "right to express [his] positive prison[ ] activities and the titles [he] accomplished." (Compl., CM/ECF p. 5, ¶¶ 1 and 3). The letter "was a personal introduction and request." (*Id.* ¶ 7). The letter "was returned kitted (sic) attached to a letter to the Superintendent CC to [him]." (*Id.* ¶ 6).

As a result of "defendants' conduct," he was removed from his position in the lifers organization, removed from his prison job, "bad relations" developed with defendants, his character was defamed and slandered by the lifers association members and staff, and he can no longer be approved for commutation. (*Id.*, Section III, ¶ 1 CM/ECF pp. 5-6; Section V, CM/ECF p. 6). If Plaintiff had not "sent out the letter, this would not have happened." (*Id.*, CM/ECF p. 6, ¶ 4). "If defendant Lawler would not have shown the plaintiff letter no retaliation actions would have taken place against him." (*Id.* ¶ 5). He does not make any other allegations as to what any of the individual defendants did that caused

-3-

the alleged retaliation against him except to assert generally that they did take "adverse actions." (*Id.*, CM/ECF p. 6).

Thomas alleges the following in support of his First Amendment free-exercise claim.[2]  Defendants Lawler and Keller are in charge of the SCI-Huntingdon religious department.  (*Id.* at CM/ECF p. 8).  Since February 2008, when he arrived at SCI-Huntingdon, he "has been unable to practice his religion." (*Id.* at CM/ECF p. 9, ¶ 1).  "The Plaintiff is being denied his First Amendment right to practice his religion in the manner his religion requires." (Id. ¶ 4).  "SCI-Huntingdon" refuses to make the chapel a "multi faith chapel." (*Id.* ¶ 2).  "The Defendants have allowed their personal religious practices to dominate 99% of the chapel space.  (*Id.* ¶ 5).  The "pulps" are bolted to the floor . . . [t]aking up 99% of the space." (*Id.* ¶ 6).  The Plaintiff cannot pray in congregation together worshiping . . . he has to work around the bolted chairs." (*Id.*).  He is "unable to stand and sit together for worship." (*Id.*)  "Other religious signs an[d] artifacts are still place[d] inside the chapel bolted to the walls." (*Id.*).  There are no averments specifying what each defendant did to cause this alleged violation of Plaintiff's First Amendment rights.

IV.  *Discussion*

Plaintiff's retaliation claim is deficient.  A prisoner must prove three things to establish a retaliation claim: (1) that he had engaged in a constitutionally protected activity; (2) that he suffered "some adverse action" at the hands of a prison official; and (3) that there is "a causal link between the exercise of [the] constitutional right[ ] and the adverse

---

[2]  As noted, he also appears to rely on RLUIPA.

-4-

action taken." *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Plaintiff's retaliation claim fails on the second element; he avers generally that the adverse actions resulted from the defendants' conduct and that the defendants took "adverse actions" but does not alleged specifically what averse action was taken by each defendant. Plaintiff will be granted leave to amend this claim to specify what adverse action against him was taken by each defendant.

Plaintiff's First Amendment free-exercise claim is also deficient. First, there are substantive deficiencies. Plaintiff's allegations are conclusory in part. He alleges he is unable to practice his "religion" as his religion "requires" but fails to allege what that religion is or sufficient facts indicating how he has been prevented from practicing that religion. The more specific allegations also do not make clear how Plaintiff is being prevented from practicing his religion. Plaintiff admits he and his co-religionists use the chapel, but complains about "ha[ving] to work around the bolted chairs" and that they cannot sit and stand together for worship. Plaintiff will be permitted to amend his claim to aver how chairs being bolted to the floor prevents him from practicing his religion as well as how he cannot sit and stand together for worship when there are chairs in the chapel. Additionally, Plaintiff shall amend his claim to indicate how permanent iconography of other religions on the walls prevents him from practicing his religion.

The second deficiency in this claim is that Plaintiff fails to allege the conduct of each defendant that supposedly prevents him from practicing his religion. Plaintiff shall amend his complaint to aver what each defendant did to interfere with his First Amendment free-exercise rights.

-5-

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 10, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY THOMAS, :
:
    Plaintiff :
: CIVIL NO. 1:CV-10-2437
    vs. :
: (Judge Caldwell)
RAYMOND LAWLER, :
SUPERINTENDENT, *et al.*, :
:
    Defendants :

*O R D E R*

AND NOW, this 10th day of January, 2011, upon review of the Complaint under 28 U.S.C. ¶ 1915(e)(2)(B)(ii), it is ordered that:

    1. Plaintiff's Motion for leave to proceed in forma pauperis (doc. 6) is construed as a motion to proceed without full prepayment of fees and costs and is granted.

    2. Plaintiff is granted twenty-one (21) days from the date of this order to file an amended complaint curing the deficiencies in his original complaint identified in the accompanying memorandum. If Plaintiff fails to file an amended complaint, this action will be dismissed without prejudice.

    3. The amended complaint must be complete in all respects and must be a new pleading which stands by itself as an adequate complaint, without reference to the complaint already filed.

    4. The Clerk of Court is directed to send Plaintiff two copies of this court's form civil-rights complaint which Plaintiff shall use for his amended complaint should he choose to file one.

                                   /s/William W. Caldwell
                                   William W. Caldwell
                                   United States District Judge