IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY THOMAS, | : |
| | : |
| Plaintiff | : |
| | : CIVIL NO. 1:10-CV-2437 |
| v. | : |
| | : (Judge Caldwell) |
| RAYMOND LAWLER, | : |
| SUPERINTENDENT, *et al.*, | : |
| | : |
| Defendants | : |

*M E M O R A N D U M*

I.   *Introduction*

The pro se plaintiff, Gregory Thomas, an inmate at the Huntingdon State Correctional Institution (SCI-Huntingdon), in Huntingdon, Pennsylvania, filed this civil rights action which presents claims under the First Amendment, the Religious Land Use and Institutionalized Persons Act, and the Americans with Disabilities Act arising from his inability to attend Muslim services at the designated location in the prison.  Presently pending are Plaintiff's second motion for appointment of counsel (Doc. 38), and a motion for default judgment.  (Doc. 39).  For the reasons that follow both motions will be denied.

II.   *Discussion*

   A.   *Motion for Counsel*

This is a civil action, not a criminal one.  Hence the plaintiff has no constitutional or statutory right to appointed counsel.  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  Nor can the court compel a lawyer to represent an indigent plaintiff.  *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993).  Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may

*request* an attorney to represent any person unable to afford counsel." (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation. *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)) (internal quotation marks and brackets omitted).

If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised

"discerningly." *Id.* at 505 n.10.  However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel."  *Id.* at 505 (quoting *Parham*, 126 F.3d at 461) (internal quotation marks omitted).

In his present motion for counsel Plaintiff alleges the following change in circumstances since we denied his initial request for counsel: his ability to receive meaningful pro se assistance has deteriorated as qualified inmates have been transferred; an increase in prison population; a downsizing of the law library which "has been made to accommodate both the regular library and the law library"; and the replacement of physical law books with computers.  (Doc. 38, Mot. for Counsel at p. 1.)  The computers are available on a first-come first-served basis, and Thomas does not seek to "get into a fight" over computer access with younger inmates.  *Id*. at p. 2.  Plaintiff receives an hour and a half in the law library twice a week.  *Id*.  Thomas alleges the lack of Lexis/Nexis access, and "no regular case law up dates".  *Id*. He believes he "will be out matched with an unfair advantage to duly argue his complex constitutional claims."  *Id*.  He also alleges the need of an investigator to photograph the steps he must use to get to the prison chapel, as well as the prison itself for the court's review.  *Id*.

Plaintiff's second motion for appointment of counsel will be denied for the following reasons.  The issues involved in this action are straightforward, involving the application of established legal principles to the factual situation at hand.  A review of Thomas' filings thus far demonstrates his ability to successfully and skillfully litigate this case on his own, including his ability to prepare and file motions in this case which are both

understandable and which cite pertinent legal principles. Indeed, Thomas has filed a motion for default against them, and he is clearly capable of drafting discovery requests on his own.

Further, any concern at this point about trial preparation is premature. Defendants have not yet responded to the Amended Complaint and while the court is cognizant of the limitations placed on Plaintiff due to his incarceration, he is currently under no deadlines in regard to his case. Should a filing deadline arise where he needs to conduct research prior to responding, he can certainly request an enlargement of time to do so. Accordingly, Thomas' second motion for appointment of counsel will be denied.

    B.    Motion for Default Judgment

Defendants were properly served with the Amended Complaint and sought an enlargement of time to answer it. (*See* Doc. 31.) The court granted Defendants' request and directed they file a response to the Amended Complaint on or before August 22, 2011. (Doc. 33.) On September 9, 2011, because Defendants failed to submit a response, or request a second enlargement of time to respond to the Amended Complaint, Plaintiff filed a motion for entry of default judgment. (Doc. 39.) Then, on October 25, 2011, Thomas filed a request for entry of default (Doc. 42) with a supporting declaration. (Doc. 43.)

Under Fed. R. Civ. P. 55(a), "the clerk must enter default" when a defendant has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *See also United States v. Mulvenna*, 367 F. App'x. 348, 350 (3d Cir. 2010)(per curiam)(nonprecedential). Next, under Fed. R. Civ. P. 55(b)(2), the court may enter a

-4-

default judgment.  This rule states, in relevant part:

> [T]he party must apply to the court for a default judgment . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The Court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegations of evidence; or (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2).  "The time between the entry of default and the entry of default judgment provides the defendant with an opportunity to move, pursuant to Rule 55(c), to vacate the default."  *Mulvenna*, 367 F. App'x at 350 (internal citation omitted).

In the instant case, we cannot enter a default judgment.  There has not yet been entry of a default, and entry of default must precede an entry of a default judgment.  *See Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008) (per curiam) (nonprecedential).  Plaintiff did seek entry of default but did so after filing his motion for a default judgment.

In regard to the request for a default, we will grant it as Defendants, after having been properly served, failed to respond to the Amended Complaint by the extended August 22, 2011, deadline.  The Clerk of Court will be directed to enter default against the Defendants.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 27, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY THOMAS, | : |
| | : |
|    Plaintiff | : |
| | : CIVIL NO. 1:10-CV-2437 |
|   v. | : |
| | : (Judge Caldwell) |
| RAYMOND LAWLER, | : |
| SUPERINTENDENT, *et al.*, | : |
| | : |
|    Defendants | : |

*O R D E R*

AND NOW, this 27th day of October, 2011, it is ordered that:

  1.  Plaintiff's Motion for Appointment of Counsel (Doc. 38) is denied.

  2.  Plaintiff's Motion for Default Judgment (Doc. 39) is denied.

  3.  Plaintiff's request (Doc. 42) for entry of default against Defendants is granted, and the Clerk of Court is directed to enter default against the Defendants.

                                              /s/ William W. Caldwell
                                              William W. Caldwell
                                              United States District Judge