IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY THOMAS,<br>    Plaintiff | :<br>:<br>: |
| v. | :    CIVIL NO. 1:10-CV-2437<br>: |
| RAYMOND LAWLER,<br>SUPERINTENDENT, *et al.*,<br>    Defendants | :    (Judge Caldwell)<br>:<br>: |

*M E M O R A N D U M*

I. *Introduction*

      We are considering Defendants' motion to set aside the default entered against them. The pro se plaintiff, Gregory Thomas, an inmate at SCI-Huntingdon in Huntingdon, Pennsylvania, commenced this action on November 24, 2010, against then Superintendent Lawler; Program Director Keller; and Activity Specialist Frialey. In his Amended Complaint, Plaintiff makes claims for a violation of his First Amendment right to the free exercise of religion and for a violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA). 42 U.S.C. §§ 2000cc to 2000cc-5. Plaintiff alleges that he has significant physical disabilities and that Defendants force him to climb five flights of stairs for Muslim worship in a chapel with insufficient space and without a restroom. As relief, he seeks damages and a transfer to either SCI-Chester or SCI-Graterford, where he believes he can practice his religion unimpeded.

II. *Background*

      On January 25, 2011, the court directed service of the Amended Complaint on the named defendants. On April 13, 2011, a Waiver of Service was executed on behalf

of the defendants. On July 12, 2011, Defendants filed a *nunc pro tunc* motion for enlargement of time to plead or otherwise respond to the Amended Complaint. In that motion, Defendants represented that the extension was needed, in part, because their counsel had a trial and other commitments and needed the additional time so that she could meet with them and "determine how to best respond to the complaint . . . ." (Doc. 31 ECF p. 1). On July 15, 2011, the court granted the motion and directed Defendants to respond to the Amended Complaint by August 22, 2011. Defendants did not do so.

On September 9, 2011, Thomas filed a Motion for Default Judgment. (Doc. 39). On October 28, 2011, the Clerk of Court entered default against the defendants pursuant to Fed. R. Civ. P. 55(a). (Doc. 46, Entry of Default). On November 28, 2011, Defendants filed a Motion (Doc. 47) to Set Aside Default. Plaintiff opposes that motion, by way of an opposition brief and two motions of his own essentially asking that the default not be lifted. (Docs. 55 and 65).

III.  *Discussion*

Defendants move to set aside the default by arguing that the Prison Litigation Reform Act (PLRA) allows a defendant in a prisoner's section 1983 action to waive a "reply" to the complaint and prohibits any relief to the plaintiff "unless a reply has been filed." 42 U.S.C. § 1997e(g)(1). Hence, Plaintiff was not entitled to a default on the basis of their failure to respond to the complaint. As section 1997e(g) more fully reads:

> (g) Waiver of reply
>
> (1)  Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of

-2-

>procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
>(2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997(g).

Based on this statutory language, we must agree with Defendants. *See Jones v. Bergh*, No. 08-CV-0128, 2011 WL 5180569, at *2 (W.D. Mich. Oct. 31, 2011)(denying a plaintiff prisoner's motion for default judgment when the defendant was not ordered to answer the complaint, citing section 1997e(g)(1)); *Bell v. Lesure*, No. 08-CV-1255, 2009 WL 1290984, at *4 (W.D. Okla. May 6, 2009)(default judgment could not be entered in light of section 1997e(g)(1)); *Lafountain v. Martin*, No. 07-CV-76, 2009 WL 4729933, at *4 (W.D. Mich. Dec. 3, 2009)("Under the explicit language of § 1997e(g)(1), prisoner plaintiffs filing suit under § 1983 are not entitled to entry of default against a defendant who has been properly served, but nevertheless has not filed any reply.")(collecting cases); *Cidone v. Chiarelli*, No. 07-CV-0746, 2007 WL 2068317, at *1 n.1 (M.D. Pa. July 17, 2007)(observing that a prisoner plaintiff would not be entitled to default when section 1997e(g)(1) relieves the defendants of the obligation to reply).

We can perceive two objections to this ruling. First, by filing a motion for extension of time to respond to the Amended Complaint, Defendants indicated they were not waiving their right to file a reply, so section 1997e(g)(1) does not apply here. However, we think that merely asking for an extension of time to respond to the complaint does not forfeit the right to subsequently waive the right to reply. Second, in granting Defendants' extension motion on July 15, 2011, we ordered Defendants to respond to the Amended

-3-

Complaint, so section 1997e(g)(2) requires a different result since there was not simply a waiver here but a failure to comply with an order to respond.  *See Lafountain*, *supra*, 2009 WL 4729933, at *4 (while a defendant cannot be defaulted for merely failing to respond to the complaint, he can be defaulted if he fails to obey an order to respond); *Vinning v. Walls*, No. 01-CV-994, 2009 WL 839052, at *1 (S.D. Ill. Mar. 31, 2009)(a defendant can be defaulted after failing to comply with an order to reply entered under section 1997e(g)(2)). However, our order to respond was not entered under the authority of section 1997e(g)(2); it was entered as part of the extension of time Defendants sought for filing a response, a response  they could waive under section 1997e(g)(1), regardless of whether they had gotten the extension to do so or not.

We must therefore vacate the default.  Defendants assert that after the default is lifted, they will respond to the Amended Complaint promptly.  We advise them that we will order them to respond under section 1997e(g)(2).

We will issue an appropriate order.

       /s/ William W. Caldwell
       William W. Caldwell
       United States District Judge

Date: June 21, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY THOMAS,<br>　　Plaintiff | :<br>:<br>: |
| v. | : CIVIL NO. 1:10-CV-2437<br>: |
| RAYMOND LAWLER,<br>SUPERINTENDENT, *et al.*,<br>　　Defendants | : (Judge Caldwell)<br>:<br>: |

*O R D E R*

　　AND NOW, this 21st day of June, 2012, it is ordered that:

　　1.  Defendants' Motion (Doc. 47) to Set Aside Default is granted.

　　2.  The default against the defendants entered on October 28, 2011, (Doc. 46) is hereby vacated.

　　3.  Pursuant to 28 U.S.C. § 1997e(g)(2), Defendants shall plead or otherwise respond to the Amended Complaint within twenty-one (21) days of the date of this order.

　　　　　　　　　　　　　/s/ William W. Caldwell
　　　　　　　　　　　　　William W. Caldwell
　　　　　　　　　　　　　United States District Judge