IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY THOMAS,
    Plaintiff

v.

RAYMOND LA LER,  : CIVIL NO.1:10-CV-2437
SUPERINTENDENT, et al.,
    Defendants  : (Judge Caldwell)

FILED SCRANTON JUL 16 2012 PER /DEPUTY CLERK

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT ORDER PURSUANT TO RULE 37 (a) FED.R.Civ.P., COMPELLING DISCOVERY

### I. Introduction

The pro se plaintiff, is an inmate at SCI-Huntingdon in Huntingdon, Pennsylvania, commenced this action on November 24, 2010, against then Superintendent Lawler; Program Director Keller; and Activity Specialist Frialey. In his Amended Complaint, Plaintiff makes claims for a violation of his First Amendment rights to free exercise of religion and for the Religious Land Use and Institutionalized Persons Act (RLUIPA). 42 U.S.C.§§2000cc to 2000cc-5 AND freedom of speech. Plaintiff alleges that he has significant physical disabilities and that Defendants force him to climb five flights of stairs for Muslim worship in a chaple with insufficient space and without a restroom. And he has been left with

urine and human waste on himself. Unable to clean for worship. As relief, he seeks damages and a transfer to either SCI-Chester or SCI-Graterford, where he believes he can practice his religion unimpeded.

The plaintiff request legal assistance, the defendants claim they can not understand the terms of name documents requested. The plaintiff is not qualified to explain his request of documents in legal terms.

2, **THE PLAINTIFF CAN NOT DEFEND AND PROVE HIS COMPLAINT WITHOUT THESE DOCUMENTS** requested. The defendants in grievance responses placed the plaintiff character into question. Deformation of character cuts two ways. The plaintiff has lived with the defendants, the defendants stated, **HE** can not be trusted, this deformation traveled through the inmate and staff population, all the way to the Office of the Secretary of Correction, on files and reports. That prejudice the plaintiff prison record.

A jury needs to weigh both sides. The plaintiff made a claim of deformation assassination.

**II. Background**

On January 25, 2011, the court directed service of the Amended Complaint on the name defendants. On April 13, 2011, a waiver of Service was executed on behalf of the defendants. On July 12, 2011, Defendants filed a nunc pro tunc motion for enlargement of time to plead or otherwise respond to the Amended Complaint. In that motion, Defendants represented that the

extension was needed. in part, because their counsel had a trial and other commitments and needed the additional time so that she could meet with them and"determine how to best respond to the complaint (Doc.31 ECFp.1). On July 15,the court granted the motion and directed Defendants to respond to the Amended Complaint by August 22,2011. Defendant did not do so.

On September 9,2011, Plaintiff filed a Motion for Default Judgements pursuant to Fed.R.Civ.P.55(a).(Doc.46,Entry of default). On November 28,2011, Defendants filed a Motion(Doc.47)to Set Aside Default. Plaintiff opposes that motion, by way of an opposition brief and two motions of his own essentially asking that the default not be lifted (Docs.55and 65)

III. **Discussion**

Defendants move to set aside the default by arguing that the Prison Litigation Reform Act(PLRA) allows a defendant in a prison's section 1983 action to waive a "reply" to the complaint and prohibits any relief to the plaintiff "unless a reply has been filed. Hence, Plaintiff states the waiver rule of reply, must be **IN GOOD FAITH**,the Defendants have been granted two bites of the apple. THE Court took notice they request and enlargement of time and a waiver in the same bite. Based on this statutory language, the Plaintiff is without prison legal aid, and ignorant to civil law, if plaintiff would have known, the Defendants could request an enlargement of time to answer the complaint and production of documents, only to state a waiver rule, the plaintiff would have

objected to the enlargement of time.

A party failure to respond to a summons complaint "Through inadertence "May be "good cause "for vacating the entry of default; However, a court must be satisfied that the defaulting part did not willfully ignore the lawsuit. Cracco, 599 F.3d at 631: Davis, III V. Hutchins, 321,F.3d 641,646,(7th Cir.2003) Ignoring filing deadlines and failing to "exercise even a minimum level of diligence "is evidence that the defaulting party deliberately chose not to defend the lawsuit and dose not satisfy rule 55 (c)'s "good cause. "requirement Davis, 321 F.3d at 646: Pretzel,28 F.3d at 45: Chryisle Credit Corp. v. Macino 710 F2d 363 367 (7th Cir 1983) The

**ARGUMENTS**

The tactics of this case and the defendants are to complex for the plaintiff. If this court intends to be fair. The plaintiff again requests counsel IN the interest of fairplay.

1. The Plaintiff submitted a written request the Defendants for the production of certain documents that Plaintiff need to prove by him and /or disapprove that which was asserted by the staff members here at SCI-Huntingdon.

The Defendants objections in producing the documents centers around security risk concerns, cost, burden. This evidence is essential and relevant to plaintiff's lawsuit, Alexander v. Rizzo, 374 (E.D.1999).

2. Howerver, prison official can not avoid discovery of relevant

information merely by claiming it is a "security" concern, Beach v. City of Olathe, 203 F.R.D.489 (D.Kan.2001), King v. Conde, 121 F.R.D.180,190 (E.D.N.Y.1988).Thus, even if prison officials can keep their decision making process secret, they still must disclose purely factual matter relation to their decisions, Environmental Protection Agency v. Mink, 410,U.S. 73,87-89,93 S.Ct. 827(1974) Castle v. Jallah 142 F.R.D.618,622 (E.D. Va. 1992)(Priosoner was entitled to discover factual portions of the incident reports);Kinoy v. Mitchell,67 F.R.D.at12.

3.Plaintiff also requested a copies or the number of grievance filed against All three defendants, Lawler, Keller, Frialey for racial discriminationn. Also, copies or numbers grievances filed against Lawler,Keller, Frailey, alleging that these individuals has place unproven or false criminal charges in their institutional records.

The defendants object on the basses that this request is overbroad and burdensome and is not likely to lead to the discovery or relevant and admissible evidence. Further, the grievances of inmates also or implicate security concerns. In Hickman v. Taylor, 329 U.S.495 (1947) "the Federal Courts reject out of hand claims of unduly burdensome or expensive which are not support by a specific,detailed showing, usually by affidavit, of why weighing the need for discovery against the burden it will impose permits the conclusion that the court should not permit it." Natural Resources Defense council v. Curtis, 189,F.R.D. 4, *13(D.D.C. 1999). In other words, the

defendant can't avoid discovery by just stating it will be too difficult. They have to really prove it.

4. Plaintiff submitted a written request for these documents pursuant to Rule 34 of the federal Rules of Civil procedures, which the Defendants refuse to comply with. Plaintiff also move for an order pursuant to Rule 37(a)(4) requiring the aforesaid defendants to pay Plaintiff the sum of $1,500.00 dollars as reasonable expenses in obtaining this order, on the grounds that the defendants refused to produce the said documents in contravention of the Federal Rules of Discovery, as well as established Federal and State laws. There is no substantial Justification for the Defendants actions other than to impede fair justice. The Defendants again is looking for the court to rubber stamp their dishonest, illegal tactics.

The Plaintiff will forever pray.

July 12, 2012

*Gregory Thomas*

Gregory Thomas BJ-6309

1100 Pike ST.

Huntingdon, PA 16654

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY THOMAS, :
   Plaintiff :
 :
V. :
 :
RAYMOND LA LER, : CIVIL NO.1:10-CV-2437
SUPERINTENDENT, et al., :
   Defendants : (Judge Caldwell)

## MOTION OF CONTINUING HARASSMENT

This Plaintiff is being harassed by his morning 6 to 10 shift block officers, the Sergeant Harris, Officer.williams, and office kyle, These officers are friends of Defendant Frailey.

The Plaintiff received a misconduct by Officer Kyle on 1/10/12. The misconduct was dismised on appealed 1/17/12. Every since the misconduct was dismissed these officers have been harassing the plaintiff. THE MISCONDUCT IS ON THE COURT FILES. Office williams forced the Unit Manager to remove me from my work detail, the Unit Manager stated the officers are out to get you stay in your cell. I will still pay you. If you refuse I will remove you from the job.

So this plaintiff requested a job off the unit. WHEN the officers notice the job change they constantly stare at him. They treat the plaintiff with discrimination, different from everyone else. Nitpick every move he makes. Making unprofessional remakes, saying:;(the man who beats misconducts.

when I try to come out to watch the housing unit TV, because I can't afford cable. These officer make me late so I can't, see the entire movie.

There snitches, (INMATES TELL ME ) tell me to be careful, these officers talk about you everytime you walk by the desk to leave or return from work. WHEN I work on the day shift.

The plaintiff request the court to order that the harassment stops. AND impose sanctions.

*Gregory Thomas*

7/12/2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY THOMAS,  :
   Plaintiff  :
  :
V.  :
  :
RAYMOND LA LER,  : CIVIL NO.1:10-CV-2437
SUPERINTENDENT, et al.,  :
   Defendants  : (Judge Caldwell)

## VERIFICATION

The petitioner in this action deposes and says under the penalty of perjury, that he is the petitioner and that he has read this action, the same is true and correct.

## AFFIDAVIT OF PAUPERISM

The petitioner under the penalty of perjury do hereby declare that he is a poor, and paupers person, wholly indigent without funds, property or any means which to pay the cost of this proceeding. He is therefore according to law unable to pay the cost of this proceeding. He is award of the State. That he prays he will be allowed to proceed in forma paupers.

## CERTIFICATE OF

I, GREGORY THOMAS, hereby certify that on July 12,2012 a copy of the foregoing Motion
entries was served by placing same, in the prison U.S. Mailing: addressed to: All true and correct documents.

Attorney General Lisa Wojdak Basial
Office of Attorney's General
15th Floor, Strawberry Square
Harrisbury, PA 17120

*Gregory Thomas*
Gregory Thomas BJ-6309
1100 Pike Street
Hintingdon, PA 16645




Name  GREGORY THOMAS
Number  BJ-6309
1100 Pike Street
Huntingdon, PA 16654-1112

RECEIVED
SCRANTON
JUL 16 2012
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

INMATE MAIL
PA DEPARTMENT
OF CORRECTIONS

MS MARY E. D' ANDREA
Middle District of Penna.
CLERK OF COURT/U.S. DISTRICT COURT
P.O. BOX 1148
SCRANTON,, PA 18301

Inmate Mail - PA DEPT OF CORRECTIONS
2 of 2

Name  GREGORY THOMAS
Number  BJ-6309
1100 Pike Street
Huntingdon, PA 16654-1112

RECEIVED
SCRANTON
JUL 16 2012
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

INMATE MAIL
PA DEPARTMENT
OF CORRECTIONS

MS MARY E. D' ANDREA
Middle District of Penna.
CLERK OF COURT/U.S. DISTRICT COURT
P.O. BOX 1148
SCRANTON,, PA 18301

Inmate Mail - PA DEPT OF CORRECTIONS
ONE of 2