IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY THOMAS,  :
　　　　　　　　　　　　　　　　　　　:
　　　Plaintiff　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　: CIVIL NO. 1:CV-10-2437
　　vs.　　　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　: (Judge Caldwell)
RAYMOND LAWLER,　　　　　　　 :
SUPERINTENDENT, *et al.*,　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　Defendants　　　　　　　　　　:

*M E M O R A N D U M*

I.　*Introduction*

Presently before the court is Plaintiff's Motion for Sanctions against defense counsel based on her refusal to allow Defendant Frailey to answer interrogatories "concerning [his violation of] Plaintiff's civil rights as per Plaintiff's role in the Pa Lifers Association as and elected vice president of said association." (Doc. 102, Mot. for Sanctions). Defense counsel objected to the interrogatories as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. (Doc. 112, Defs.' Opp'n Br. Mot. for Sanctions).

For the reasons that follow, the motion for sanctions will be denied.

II.　*Relevant Statement of Facts*

In November 2010, Gregory Thomas, an inmate at the Huntingdon State Correctional Institution (SCI-Huntingdon), in Huntingdon, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 asserting two First Amendment claims. (Doc. 1, Compl.). Thomas claims defendants (Superintendent Lawler, Program Manager Keller and

Activities Manager Frailey) retaliated against him by removing him from his position in the Lifers Association and his prison job after a private letter he sent to a Penn State University Professor was returned to Superintendent Lawler. Thomas's second claim asserted that he is unable to practice his Muslim faith because of physical barriers, lack of adequate space and lack of accommodation required due to his physical infirmities. (Doc. 1, Compl.) The court screened the Complaint as required by 28 U.S.C. § 1915(e)(2)(B)(ii), pointed out the deficiencies of Plaintiff's claims, and directed him to file an Amended Complaint. (Doc. 11, Order). Thomas was advised that "[t]he amended complaint must be complete in all respects and must be a new pleading which stands by itself as an adequate complaint, without reference to the complaint already filed." (*Id.* at ECF p. 7).

On January 18, 2011, Thomas filed an Amended Complaint. (Doc. 12, Am. Compl.) He alleged only two claims in the Amended Complaint. He claimed that by forcing him, a Muslim with significant physical disabilities, to climb five flights of stairs to worship in a chapel with insufficient space and without a restroom, Defendants are violating his First Amendment rights by interfering with his free exercise of religion and the Institutionalized Persons Act (RLUIPA). (*Id.*)

On July 30, 2012, Thomas served Defendant Frailey with a set of interrogatories. (Doc. 113-1, Written Interrogatories Submitted to Mr. Curt Frailey, Defendant). Aside from the first interrogatory that seeks Defendant Frailey' complete name, all of the interrogatories address Defendant Frailey's involvement in the Pennsylvania Lifer's Association or his reasons for removing Plaintiff from his position of vice president in that association. (*Id.*) After responding to the first interrogatory without objection, defense counsel proffered the same objection to the remaining interrogatories:

> Defendant Frailey objects to this interrogatory as it seeks
> information that is irrelevant and not reasonably calculated to
> lead to the discovery of admissible evidence, as required by
> Fed. R. Civ. P. 26(b)(1). Defendant Frailey's involvement with
> the Pennsylvania Lifers Association is unrelated to this lawsuit.

(Doc. 113-2, Def. Frailey's Responses to Pl.'s First Set of Interrogatories).

III.     *Relevant Legal Standards*

It is well settled that Fed. R. Civ. P. 26 establishes a fairly liberal discovery policy. The Federal Rules of Civil Procedure allow discovery on any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. *See* Fed.R.Civ.P. 26(b) (1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51, 98 S.Ct. 2380, 2398, 57 L.Ed. 253, (1978). However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Id.*

Fed. R. Civ. P. 34 requires that a party served with a document request either produce the requested documents or state a specific objection for each item or category objected to. The burden is upon the party objecting to discovery to state the grounds for the objection with specificity. Fed. R. Civ. P. 33(b) (4); *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D. Pa.1996). "Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." *Id.* (*quoting Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982)). The objecting party must demonstrate in specific terms why a particular discovery request does not fall within the broad scope of discovery or is otherwise

privileged or improper. *Goodman v. Wagner*, 553 F.Supp. 255, 258 (E.D. Pa. 1982). The party attempting to withhold the release of relevant material on the grounds of privilege must also "describe the nature of the documents, communications, or other tangible things not produced or disclosed . . . in a manner that . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Once an objection has been properly articulated, the burden rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26. *Momah,* 164 F.R.D. at 417. Then, the party opposing discovery must convince the court why discovery should not be had. *Id.* (*citing Amcast Indus. Corp. v. Detrex Corp.*, 138 F.R.D. 115, 118-19 (N.D.Ind.1991)).

If the party served fails to respond adequately to a document request, the serving party may file a motion to compel under Rule 37(a). *See* Fed. R. Civ. P. 34(b), 37(a) (1)(B). Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the court. *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

IV. *Discussion*

Thomas moves the court to sanction defense counsel for objecting to her client responding to discovery pertaining to claims and issues that are not the subject of this litigation. Discovery "cannot serve as a fishing expedition through which plaintiff searches for evidence to support facts he has not yet pleaded." *Giovanelli v. D. Simmons General Contracting*, No. 09-1082, 2010 WL 988544 (D.N.J., Mar. 15, 2010). The court will

deny Thomas' motion for sanctions as Defendant Frailey's objections to answering irrelevant interrogatories is sustained. Defendant Frailey is not required to respond to discovery that is irrelevant to the issues in this case.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 11, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY THOMAS, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 1:CV-10-2437 |
| | : (Judge Caldwell) |
| RAYMOND LAWLER, SUPERINTENDENT, *et al.*, | : |
| Defendants | : |

*O R D E R*

AND NOW, this 11th day of March, 2013, based on the accompanying memorandum, it is ORDERED that Plaintiff's Motion for Sanctions (Doc. 102) is DENIED.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge