IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY THOMAS, | : |
| | : |
| Plaintiff | : |
| | : CIVIL NO. 1:CV-10-2437 |
| vs. | : |
| | : (Judge Caldwell) |
| RAYMOND LAWLER, | : |
| SUPERINTENDENT, *et al.*, | : |
| | : |
| Defendants | : |

*M E M O R A N D U M*

I.    *Introduction*

The pro se plaintiff, Gregory Thomas, an inmate at SCI-Huntingdon in

Huntingdon, Pennsylvania, commenced this action against then Superintendent Lawler;

Program Director Keller; and Activity Specialist Frailey.  In his Amended Complaint, Plaintiff

makes claims for a violation of his First Amendment right to the free exercise of religion and

for a violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42

U.S.C. §§ 2000cc to 2000cc-5.  (Doc. 12, Am. Compl.)  Plaintiff alleges that he has

significant physical disabilities and that Defendants force him to climb five flights of stairs

for Muslim worship in a chapel with insufficient space and without a restroom.  As relief, he

seeks damages and a transfer to either SCI-Chester or SCI-Graterford, where he believes

he can practice his religion unimpeded.  (*Id.*)

Presently before the court is Thomas's motion to compel (Doc. 83) the

production of documents that he sought in discovery by way of a request for production.  At

the back of this motion, Plaintiff has attached a "motion of continuing harassment" based on

the alleged retaliatory actions of non-defendants following the initiation of this action.  For

the reasons that follow, the motion will be granted in part and denied in part.  If Thomas

wishes to pursue a retaliation claim against the non-party correctional officers, he may do

so by filing a new complaint.

II.     *Background*

            In his motion to compel, Thomas alleges that Defendants "have placed [his]

character into question.  Deformation [sic] of character cuts two ways."  (Doc. 83, at ECF p.

2).  Thomas seeks documents via discovery that would reflect on Defendants' character.

Specifically, Thomas states he sought copies of inmate grievances filed against Defendants

Lawler, Keller and Frialey asserting claims of racial discrimination and those alleging

defendants placed "unproven or false criminal charges in their institutional records."  (*Id.* at

ECF p. 5).  He generically challenges Defendants' objections to these requests but does

not provide the court with a copy of his original request to Defendants, or their responses.

He also alleges that he is being harassed by the "6 to 10 shift block officers, the Sergeant

Harris, Officer Williams and offic (sic) Kyle" who are allegedly friends of CO Frailey.  (*Id.* at

ECF p. 7).  Officer Kyle is alleged to have issued Thomas a January 2012 misconduct

which was later dismissed on appeal.  (*Id.*)  Officer Williams is alleged to have had Thomas

removed from his work detail.  (*Id.*)

            Defendants oppose the motion and provide the court with a copy of Thomas's

first request for production of documents as well as their response.  *See* Doc. 94, Opp'n Br.

Mot. to Compel and Doc. 95, Docs. in Opp'n to Pl.'s Mot. to Compel.  They note in their

opposition that "Plaintiff does not specifically identify which objections he wishes to address

with the Court."  (Doc. 94 at ECF p. 2).   They highlight that out of the 14 document

requests, they "have either provided the documents to plaintiff or confirmed that no such documents exists" with respect to all but three of the requests: 9, 11 and 12. (*Id.*) They proceed to defend the objections they raised with respect to those three document requests. (*Id.*)

Thomas' reply brief, for the first time, specifies that he is challenging the Defendants' responses to document requests "3, 4, 5 - 14." (Doc. 100, Reply at ECF p. 2). Based on our review of the Defendants' responses to Thomas' request for production of documents and their brief in opposition to his motion to compel, the court will not require Defendants to further brief the arguments raised in Plaintiff's reply brief.

The court will address requests 3 through 14.

III.    *Relevant Legal Standards*

It is well settled that Fed. R. Civ. P. 26 establishes a fairly liberal discovery policy. The Federal Rules of Civil Procedure allow discovery on any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. *See* Fed. R. Civ. P. 26(b) (1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 350-51, 98 S.Ct. 2380, 2398, 57 L.Ed. 253, (1978). However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Id.*

Fed. R. Civ. P. 34 requires that a party served with a document request either produce the requested documents or state a specific objection for each item or category objected to. The burden is upon the party objecting to discovery to state the grounds for

the objection with specificity.  Fed. R. Civ. P. 33(b) (4); *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D. Pa.1996).  "Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice."  *Id.*  (*quoting Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982)).  The objecting party must demonstrate in specific terms why a particular discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper.  *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).  The party attempting to withhold the release of relevant material on the grounds of privilege must also "describe the nature of the documents, communications, or other tangible things not produced or disclosed . . . in a manner that . . . will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A)(ii).  Once an objection has been properly articulated, the burden rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26.  *Momah,* 164 F.R.D. at 417.  Then, the party opposing discovery must convince the court why discovery should not be had.  *Id.* (*citing Amcast Indus. Corp. v. Detrex Corp.*, 138 F.R.D. 115, 118-19 (N.D. Ind.1991)).

If the party served fails to respond adequately to a document request, the serving party may file a motion to compel under Rule 37(a).  *See* Fed. R. Civ. P. 34(b), 37(a) (1)(B).  Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the Court.  *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987).  A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion.  *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

IV.    *Discussion*

        1.  Request No. 3: *"Identity (sic) all documents Department of Corrections Reprimands-filed against all Defendants separately and collectively"*

Although Defendants object to the request on the grounds that the

Defendants' disciplinary history is irrelevant, and not likely to lead to the discovery of

admissible evidence as required by Fed. R. Civ. P. 26(b)(1), they respond to the request as

follows: "Notwithstanding this objection, [they affirm that they] have no documents

encompassed by this request in their possession, custody or control."  (Doc. 95-2 at ECF p.

2).

        While the court may agree that not all reprimands Defendants may have

received from their employer would be relevant to this action, the court would disagree to

the extent that any of the defendants were reprimanded for violating an inmate's First

Amendment religious rights.  In Thomas's instructions accompanying his request for

production of documents he advises Defendants that if they "know of documents or things

responsive to these requests which are not in [their] possession, custody or control," they

are to identify the type of document, its general subject matter, and the address of the

author and recipient of the responsive document.  *See* Doc. 95-1 at ECF p. 1.  While

Defendants note they are not in possession of any documents responsive to the request,

they do not specifically state "if there are no documents or things responsive to the

request," regardless of whether they are in their possession, as directed by Thomas's

accompanying instructions.  (*Id.*)

        Accordingly, defendants will be directed to supplement their response to the

extent they know of any responsive documents in existence indicating they were

reprimanded by the Department of Corrections for violating an inmate's First Amendment

religious rights. They should also indicate who authored and received the responsive

document as well as their respective addresses. If they do not know of the existence of

any such documents, they should "affirmatively state so." (*Id.*)

> 2. Request No.4: "*Identify criminal documents complaints filed against all Defendants, separately, collectively, Fines payable Orders*"

Again, Defendants challenge the relevancy of these documents and note that

they are not likely to lead to the discovery of admissible information as required by Fed. R.

Civ. P. 26(b)(1), but ultimately answer that they do not have any documents responsive to

the request in their custody. (Doc. 95-2 at ECF p. 3). The court agrees that complaints in

general are not relevant. However, if any of the identified defendants were found criminally

or civilly liable for violating an inmate's First Amendment religious rights, such information

may be relevant. As with the previous request, Defendants will be directed to supplement

this response to the extent they are aware of any documents demonstrating their criminal

or civil liability for the violation of an inmate's First Amendment rights with respect to their

religion. If they are aware of any responsive documents, they should indicate who

authored and received the responsive document as well as provide their respective

addresses. If they do not know of the existence of any such documents they should

affirmatively state so.

> 3. *Requests No. 5 - 9*

In requests 5 through 9, Thomas requests documents related to DUI arrests;

claims of sexual harassment; private or criminal complaints, including nolle prosed criminal

-6-

arrests; domestic relations arrests or complaints of violence; court-issued restraining orders; court-ordered fines and "discrimination complaints filed in courts." *See* Doc. 95-1 at ECF p. 5. Defendants object to these requests on the basis of relevancy and as being overly broad and burdensome. (Doc. 95-2 at ECF 3-5).

The court agrees with Defendants. In his instructions, Thomas advised the Defendants that the term "you" or "yours" means the Defendants, and references to the "Department" or "DOC" mean the Department of Corrections. (Doc. 95-1 at ECF p. 3). In requests 5 through 9, unlike in his requests 3 - 4 and 10, he does not specify from whom he seeks these documents. The court finds that Defendants were correct in objecting to these requests as overly broad and burdensome. The motion to compel will be denied with respect to requests 5 - 9.

4. Request No.10: "*against all defendants. Identify documents Ethic violation complaints filed against all Defendants*"

Defendants object to this request "on the grounds that it is vague in that Defendants do not understand the term 'Ethic violation complaints'" and because such documents are "irrelevant and not likely to lead to the discovery of admissible information, as required by Fed. R. Civ. P. 26(b)(1)." (Doc. 95-2 at ECF p. 6). Defendants' professed lack of understanding of Thomas's request appears disingenuous. Defendants, the plaintiff and the court are aware that the Department of Corrections has a Code of Ethics. Accordingly, to the extent that any of the defendants have been reprimanded by the Department of Corrections for violations of the Pennsylvania Department of Corrections Code of Ethics for events involving an inmate's First Amendment free-exercise rights, Defendants should affirmatively state whether such documents exist, and if they exist,

-7-

where they can be found and who has custody of the documents.

### 5. Request No. 11: "*Identify documents retaliation court complaints filed against defendants and or the number*"

Defendants object on the basis that the request is not clear, that they do not understand the term "documents retaliation court complaints filed against defendants or the number." (Doc. 95-2 at p. 6). The request is vague, but the court interprets the request as seeking the copies of civil complaints charging any of the defendants with retaliation, or citations to the case involved. Defendants also object that Thomas's request is irrelevant and not likely to lead to the discovery of admissible information. (*Id.*) In their opposition to Thomas's motion to compel, they further argue that "plaintiff has not asked for information regarding judgments, which could theoretically be relevant and might lead to the discovery of admissible evidence. Rather, he is asking for information regarding unsubstantiated allegations by inmates against" the Defendants. (Doc. 94 at ECF p. 2).

Defendants' objection to the relevancy of all civil claims of retaliation filed against them will be sustained. The request, as written is overbroad and burdensome; unverified allegations of Defendants' retaliation against other inmates will likely not be admissible at trial, as they have little relevance to a claim that Defendants hampered Plaintiff's ability to practice his religion or violated RLUIPA. However, Defendants will be required to supplement this response to the extent they have ever been found civilly liable for violating an inmate's First Amendment free-exercise rights.

### 6. Request No. 12: "*Identify documents mental health classes order/All special ordered classes sensitivity training ordered*"

Defendants object to this request, asserting that: (1) it is vague, overly broad

and would cause undue burden and expense to produce the documents requested, and (2) the responsive documents are irrelevant and not likely to lead to the discovery of admissible information.  (Doc. 95-2 at ECF p. 7).  Additionally, Defendants assert that any responsive documents "appear to seek confidential information protected pursuant to" the Health Insurance Portability and Accountability Act (HIPPA) laws.  (*Id.*)  In reply, Thomas argues that "[i]n this line of work, after long periods of time employees become unmanageable, the department of correction (sic) have (sic) special classes for employees, according to the ALSTON civil action agreement.  AT SCI-CampHill." (Doc. 100 at ECF p. 3).

   This reply is not enough.  It does not clarify what documents he seeks or for whom he seeks this information, all corrections officers or just Defendants.  Additionally, his reference to events at one institution, which houses a diagnostic classification center and a special management unit, where SCI-Huntingdon does not, does not add any clarity to his request or bolster the relevancy of the documents sought.  To the extent any of the named Defendants have been ordered by the Department of Corrections to take sensitivity training classes as a result of incidents involving an inmate's First Amendment free-exercise rights, that information would be relevant.  Defendants will be directed to identify any sensitivity classes one or more of them have been mandated to take by the Department of Corrections as a result of an incident involving an inmate's First Amendment free-exercise rights.  If Defendants have not been directed to take such classes, they should so respond.

7. *"Motion of Continuing Harassment"*

Thomas alleges that he "is being harassed by his morning 6 to 10 shift block workers, the Sergeant Harris, Officer Williams, and Officer Kyle" who are friends of Defendant Frailey. (Doc. 83 at ECF p. 7). He alleges that Officer Kyle issued him a misconduct which was dismissed on appeal. Officer Williams is alleged to have had him removed from his work detail. There are no specific allegations as to Sgt. Harris. (*Id.*) At this point in the litigation, Plaintiff cannot amend the complaint again without leave of court. *See* Fed. R. Civ. P. 15. The events Thomas now complains of do not involve the named Defendants or relate to his original claims. Thus, they may not be joined in this action. *See* Fed. R. Civ. P. 20. Finally, the court does not have jurisdiction over non-defendants. Accordingly, his motion of continuing harassment will be denied.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 28, 2013

-10-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY THOMAS,                          :
                                         :
        Plaintiff                        :
                                         :  CIVIL NO. 1:CV-10-2437
        vs.                              :
                                         :  (Judge Caldwell)
RAYMOND LAWLER,                          :
SUPERINTENDENT, *et al.*,                :
                                         :
        Defendants                       :

*O R D E R*

AND NOW, this 28th day of March, 2013, based on the accompanying

memorandum, it is ORDERED that:

    1.  The Plaintiff's Motion to Compel (Doc. 83) is granted in part
and denied in part.

    2.  Defendants are required to supplement their responses to
requests 3, 4, 10 and 11 in accordance with the terms set forth
in the accompanying Memorandum of law.

    3.  Plaintiff's Motion to Compel with respect to requests 5, 6,
7, 8, 9 is denied.

    4.  Thomas's Motion of Continuing Harassment (Doc. 83 at
ECF p. 7) is denied.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge