IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY THOMAS, | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 1:CV-10-2437 |
| vs. | : | |
| | : | (Judge Caldwell) |
| RAYMOND LAWLER, | : | |
| SUPERINTENDENT, *et al.*, | : | |
| | : | |
| Defendants | : | |

*M E M O R A N D U M*

I. *Introduction*

Presently before the court are a variety of motions filed by the parties relating to discovery disputes, enlargements of the discovery period, and pending summary judgment matters. However, most notable of the pending motions for the purposes of case management, is Thomas's unopposed motion to amend the complaint for a second time. For the reasons that follow, the court will grant that motion, address the discovery motions that are unaffected by any second amended complaint he may file, and dismiss the remaining motions without prejudice as they would undoubtedly be impacted by the filing of an amended complaint. Following Thomas's submission of a second amended complaint, and defendants' response, the parties will be granted a very limited period of discovery and new dispositive-motions deadlines will be established.

II. *Background*

Thomas, an inmate presently confined at SCI-Huntingdon, in Huntingdon, Pennsylvania, commenced this action on November 24, 2010, asserting two distinct and

unrelated First Amendment claims. (Doc. 1, Compl.) Thomas's first claim stems from the defendants' removal of him from his position as Vice President of the Pennsylvania Lifer's Association, which he says was in retaliation for a letter he wrote to a Pennsylvania State University professor. (*Id.*) His second claim alleges that defendants have thwarted his ability to practice Islam because the prison's chapel, where he worships, is adorned with religious icons celebrated by other faiths and because the physical layout of the area is not conducive to group prayer. (*Id.*) Named as defendants were Superintendent Lawler, Program Director Keller and Activity Specialist Frailey.

On January 11, 2011, the court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and directed Thomas to file an amended complaint. (Doc. 11, Order). Thomas was specifically advised that his "amended complaint must be complete in all respects and must be a new pleading which stands by itself as an adequate complaint, without reference to the complaint already filed." (*Id.*)

On January 18, 2011, Thomas filed an Amended Complaint. (Doc. 12, Am. Compl.) He alleged only one claim in the Amended Complaint, that by forcing him, a Muslim with significant physical disabilities, to climb five flights of stairs to worship in a chapel with insufficient space and without a restroom, Defendants are violating his First Amendment rights by interfering with his free exercise of religion and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc to 2000cc-5. (*Id.*)

III. *Discussion*

　　*A.　Thomas's Unopposed Motion to Amend the Complaint Will be Granted*
　　　　Thomas seeks leave to file a second amended complaint to remedy his

oversight in failing to include his First Amendment retaliation claim in the Amended Complaint. (Doc. 124, Mot. to Am. Compl.) Thomas states he did not learn of this failure until January 16, 2013, when defense counsel deposed him. (*Id.*) Plaintiff submits a proposed second amended complaint in conjunction with his motion to amend. *See* Doc. 124-1, Proposed Am. Compl. The proposed second amended complaint does not contain any reference to Thomas' First Amendment religion or RLUIPA claims. (*Id.*)

> The filing of an Amended Complaint is governed by Fed. R. Civ. P. 15(a):
>
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
>   (A) 21 days after serving it, or
>
>   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Based on the procedural history of this case, Plaintiff no longer has the option to file a second amended complaint as a matter of course. Further, the court had cautioned Thomas earlier about filing a single all-inclusive amended complaint when we screened his original complaint, over two years ago. Thus we are reluctant to grant Thomas's request at such a late date. However, we are aware that Thomas proceeds *pro se* and that if not permitted to amend his complaint, he would not be able to pursue his First Amendment retaliation claim as it would be time-barred if he were forced to file another action on that

claim.[1]  Additionally, we note that the motion is unopposed as "defense counsel [has] agreed that she would not oppose [Thomas's] request for leave to amend the complaint". (Doc. 142, Mot. to Extend Pre-Trial Mot. Deadline *Nunc Pro Tunc*).  We will therefore direct Thomas, one last time, to file an all-inclusive second amended complaint.

Thomas will be granted twenty-one days to file a second amended complaint. Thomas is advised that it must contain the same docket number as the instant action and should be labeled "Second Amended Complaint."  In addition, the second amended complaint "must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992).  In particular, Thomas is advised that any second amended complaint he may file supersedes and nullifies the original complaint *and* his amended complaint.  The second amended complaint must be "retyped or reprinted so that it will be complete in itself including exhibits."  M.D. Pa. LR 15.1.  It should therefore contain all claims he intends to pursue because all causes of action alleged in the original or amended complaint which are not alleged, or reasserted, in the second amended complaint are waived.  No further amendments will be granted.

Thomas is also advised that his second amended complaint must be concise and direct.  *See* Fed. R. Civ. P. 8(d).  Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements.  *Id.*  The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that

---

[1] In Pennsylvania, the statute of limitations applicable to Thomas' § 1983 claims is two years. *See Kach v. Hose,* 589 F. 3d 626, 634 (3d Cir. 2009).

led to deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). He also shall specify the relief he seeks with regard to each claim and defendant. Thomas's failure to file an appropriate second amended complaint within the required time will result in the court proceeding only on the claims asserted in his Amended Complaint.

Accordingly, Thomas's motion to file a second amended complaint (Doc. 124) will be granted. As a result of this decision, the following pending motions filed by Thomas will be granted without further discussion: (1) motion to remove sanctions (Doc. 125); and (2) motion to extend discovery (Doc. 126). Additionally, the following motions will be denied, without prejudice, because our decision to allow Thomas to file a second amended complaint inevitably impacts the pre-existing deadlines for the close of discovery and filing of dispositive motions: (1) Thomas's motions for partial summary judgment (Docs. 131 and 133); (2) Thomas's motion in support of his summary judgment motion (Doc. 135); Defendants' *nunc pro tunc* motion to extend pretrial deadlines (Doc. 142); and Defendants' *nunc pro tunc* motion to respond to Thomas's motion for summary judgment (Doc. 143).

   *B.* *Thomas's Second Motion to Compel* (Doc. 104) *and Motion to Supplement his Second Motion to Compel* (Doc. 118).

In Thomas's second motion to compel, he argues that "Defendants have made it very difficult for the plaintiff to receive discovery documents requested by [incorporating] 3d parties into the process that she does not represent," namely the Superintendent's Assistant and by requiring him to pay inflated copying costs for discovery documents. (Doc. 104, Second Mot. to Compel, ECF p. 1). While he appears to take issue with defendants' objections to some of his discovery requests, he does not attach a copy of

the disputed discovery to his motion or otherwise identify which discovery responses are allegedly inadequate or why they are unsatisfactory. Although Thomas did not brief his motion as required by Local Rule 7.5, the court directed the defendants to file a response. *See* Doc. 108.

Defendants' response to the second motion to compel includes a copy of Thomas's second request for production of document (Doc. 115-1) as well as their response (Doc. 115-2). Defendants claim to have produced 239 pages of documents for Thomas's review in connection with his second request for production of documents. *See* Doc. 114, Opp'n Br. Second Mot. to Compel. The point of contention is defendants' direction to Thomas that he "may contact the Assistant to the Superintendent at [his] institution, via an Inmate's Request to Staff Member, to request that arrangements be made for [him] to review the responsive documents." Doc. 115-2. He was also advised that if he desired copies of any of the documents produced, "they are available to [him] at the regular institutional photocopy rate." (*Id.*)

Rather than filing a reply brief, Thomas filed a "motion" to supplement his second motion to compel. *See* Doc. 118. Again, Thomas did not file a brief in support of his motion.[2] In this supplemental motion, Thomas raises four new arguments: (1) that defense counsel is having "ex-parte communications" with various SCI-Huntingdon officials, whom she does not represent, to ensure that he is charged "inflated prices for discovery" (*see* Doc. 118); (2) defense counsel improperly refuses to respond to discovery posed to non-party SCI-Huntingdon employees (*see* Doc. 118-1, ECF p. 1); (3) defendant Frailey

---

[2] Our Order directing defendants to respond to Thomas' second motion to compel also reminded Thomas of his briefing obligations pursuant to Local Rule 7.5. *See* Doc. 108.

improperly objected to responding to interrogatories related to his involvement in Thomas's removal from his position in the Pennsylvania Lifers Association on the ground that it was not relevant to claims asserted in the Amended Complaint (*Id.*);[3] and (4) photographs of the chapel produced by defendants do not include the entire layout of the chapel or the arduous path he must follow to get to the chapel (*see* Doc. 118, ECF p. 1). Defendants did not file a response to the supplemental motion.

We begin by noting that defendants have complied with their discovery obligations by notifying Plaintiff of the availability of the responsive documents for inspection and copying. The plain language of Fed. R. Civ. P. 34(a)(1) allows a party to fulfill its production obligations by "permit[ting] the requesting party . . . to inspect, copy . . . items in the responding party's possession, custody or control." While Thomas may disagree with the defendants' manner of production, defendants have not acted improperly by making the responsive documents available for his inspection at the facility where he housed. Likewise, the fact that Thomas must contact the Superintendent's Assistant, a non-party, to schedule a mutually convenient time for his review and inspection of the documents is also not improper. As the Superintendent's Assistant usually functions as the institution's Litigation Coordinator, she is the logical choice to facilitate the document review. Additionally, the scheduling of Thomas's document review is a traceable event at the prison that ensures that Thomas does indeed receive the opportunity to review the

---

[3] In Thomas's Motion to Remove Sanctions (Doc. 125), he notes that he made an agreement with defense counsel that if she did not object to him amending his complaint to include his retaliation claim, he would withdraw his motion to compel against defendant Frailey for failing to respond to interrogatories regarding the omitted claim. Thus, the court will not address this aspect of Thomas's motion to compel as it appears that the matter is resolved.

documents produced.  Moreover, the Superintendent's Assistant's possible maintenance of the discovery documents on site benefits Thomas because he, if necessary, can request to review the documents on more than one occasion.  This would not be possible if defense counsel personally produced the documents for his review and then took them with her when she left the facility.

Moving on, we decide that Thomas's argument that defendants should have provided him with a free copy of the responsive documents is invalid.  There "is no provision in the [in forma pauperis] statute for the payment by the government of the costs of discovery copies, deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."  *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993).  If Thomas does not have sufficient funds in his account to pay for copying the documents, he should consult the Inmate Handbook to see if he qualifies for copying costs as an indigent.  As for Thomas's claim that he is being charged an unreasonable or "inflated" fee for copies of the discovery materials at defense counsel's direction, his conclusory assertion is unsupported.  *See* Doc. 118-1, ECF p. 2.  Initially, Thomas does not offer any evidence to suggest defense counsel directed what amount he should be charged for copies.  Next, Thomas does not specify the amount he is being charged for copying discovery documents.  Therefore, the court cannot determine the reasonableness of the amount charged.  However, we note as a point of reference, that the Middle District's Fee Schedule charges *pro se* litigants 50¢ per page for reproducing any record or paper, and 10¢ per page for the reproduction of any record or paper maintained in the Court's electronic document filing system.  *See* http://www.pamd.uscourts.gov/?q=fee-schedule.  If

allegations of unreasonable copying costs are still an issue, Thomas should file a properly supported motion on this issue.

Next, with regard to Thomas's dispute with any particular discovery response, he must specifically identify which request(s) he disputes and why. The court will not engaged in a *sua sponte* review of all discovery that defendants have responded to or that they have objected to. It is well settled that Fed. R. Civ. P. 26 establishes a fairly liberal discovery policy. The Federal Rules of Civil Procedure allow discovery on any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51, 98 S.Ct. 2380, 2398, 57 L.Ed. 253, (1978). However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Id.* Thus, Thomas must specifically identify which of defendants' discovery responses he finds inadequate and explain why before the court can evaluate defendants' compliance with their discovery obligations. However, to the extent that Thomas desires additional photographs of the chapel and area leading to the chapel produced by defendants, we remind Thomas that defendants are only obligated to produce items in their "possession, custody, or control". *See* Fed. R. Civ. P. 34(a)(1). Defendants are not required to create documents, or in this instance, photographs in order to respond to his document request.

The final issue raised in Thomas's second motion to compel is defense counsel's refusal to respond to interrogatories addressed to non-parties. *See* Doc. 118-1, ECF p. 1. Fed. R. Civ. P. 33 provides that "a party may serve [interrogatories] on any other

party . . . ." *See* Fed. R. Civ. P. 33(a)(1). Imam Chaplain Erdogan Bilgin, Grievance Coordinator Connie Greene, and Chief Grievance Officer Dorina Varner are not parties in this matter, as defense counsel accurately advised Thomas. Accordingly, she has no legal authority to respond to Thomas' interrogatories posed to them. *See* Doc. 118-1, ECF p. 1.

In conclusion, Thomas's Motion to Supplement his Second Motion to Compel (Doc. 118) will be granted and his Second Motion to Compel (Doc. 104) will be denied.

    C.    *Thomas's Third Motion to Compel* (Doc. 130).

Thomas's third motion to compel requests that defense counsel divulge the names of those prison employees involved in the January 2013 decision to remove him from his prison employment in the Officer's Dining Room (ODR). (Doc. 130). Thomas was discharged from his employment in the ODR after staff received complaints against him not related to his work performance. (*Id.*) Thomas claims he was promoted to this position in December 2012 only to lose it due to staff retaliation for filing this lawsuit. Thomas believes "Defendant Frailey and staff behind the seens (Sic) retaliation schems (sic) and deformation (sic) of character." (*Id.*, ECF p. 3).

As there is no evidence that defense counsel was ever served with a copy of Thomas' discovery request prior to his filing it with the court, the motion will be denied. Moreover, if Thomas seeks to pursue his alleged retaliatory discharge from the ODR, he may do so in a separate action, and not this lawsuit. Accordingly, Thomas' third motion to compel will be denied.

D.  *Thomas's Request for an Investigator and/or Master* (Docs. 111 and 136).

Thomas seeks a court-appointed investigator to obtain "affidavits and depositions from outside religious quest (sic) who visit the institution for religious services to explain the 4 flights of metal steps their force[d] to climb to get to the church." (Doc. 111, Mot. for Investigator). He also seeks information as to the visitors' disabilities and "how the doors are lock[ed] and theirs (sic) no restrooms." (*Id.*) As this motion was not briefed by Thomas in accordance with Local Rule 7.5, it will be denied without prejudice.

Thomas did, however, brief his motion for the appointment of a master. *See* Doc. 111. Thomas seeks the appointment of a master pursuant to Fed. R. Civ. P. 53 "to assist in the complex discovery's the plaintiff petition (sic) from the defendant" and "for the inspection of tangible things in this complex situation is the right thing to do." (*Id.*, ECF pp. 2-3.) Specifically, Thomas refers to his request for production of document which seeks to obtain pictures and videos of SCI-Huntingdon's chapel. He seeks this information which he believes will be illustrative of the alleged unreasonable and substantial burden defendants place on his ability to practice his religion in this particular environment, especially in light of his disability. (*Id.*)

Thomas has failed to make a showing that requires the appointment of a special master. Thomas has not demonstrated (1) that any parties have consented to the appointment of a special master; (2) that there is some exceptional condition, need for an accounting, or a difficult computation of damages; or (3) that there are pretrial or posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge in this district. *See* Fed. R. Civ. P. 53(a). Accordingly, Thomas' motion

for appointment of a master pursuant to Fed. R. Civ. P. 53 is denied.

    An appropriate order follows.

                        /s/ William W. Caldwell
                        William W. Caldwell
                        United States District Judge

Date: July 3, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY THOMAS, :
:
    Plaintiff :
: CIVIL NO. 1:CV-10-2437
  vs. :
: (Judge Caldwell)
RAYMOND LAWLER, :
SUPERINTENDENT, *et al.*, :
:
    Defendants :

## *O R D E R*

AND NOW, this 3rd day of July, 2013, in accordance with the accompanying memorandum, it is ordered that:

    1. Thomas's unopposed motion to file a second amended complaint (Doc. 124) is GRANTED.

    2. Plaintiff is afforded twenty-one (21) days from the date of this Order to file a second amended complaint.

    3. The Clerk of Court is directed to send Plaintiff two (2) copies of this court's civil-rights complaint form which Plaintiff shall use in preparing his second amended complaint.

    4. Thomas's failure to file a second amended complaint will result in this matter proceeding on the Amended Complaint (Doc. 12).

    5. Thomas's Motion to Remove Sanctions (Doc. 125) is GRANTED.

    6. Thomas's Motion to Extend Discovery (Doc. 126) is GRANTED.

    7. Thomas's Motion for Partial Summary Judgment (Doc. 131) is DENIED without prejudice.

    8. Thomas' Motion for Summary Judgment (Doc. 133) is DENIED without prejudice.

9. Thomas's Motion in Support of his Summary Judgment Motion (Doc. 135) is DENIED without prejudice.

10. Defendants' *nunc pro tunc* Motion to Extend Pretrial Deadlines (Doc. 142) is DENIED without prejudice.

11. Defendants' *nunc pro tunc* Motion to Respond to Thomas' Motion for Summary Judgment (Doc. 143) is DENIED without prejudice.

12. Thomas's Motion to Request to Add Exhibits to Previous Motion Filed to Compel Discovery (Doc. 118) will be construed as a motion to supplement his second motion to compel and is GRANTED.

13. Thomas's Second Motion to Compel (Doc. 104) is DENIED without prejudice.

14. Thomas's Third Motion to Compel (Doc. 130) is DENIED.

15. Thomas's Motion for an Investigator (Doc. 136) is DENIED.

16. Thomas's Motion for the Appointment of a Master Pursuant to Fed. R. Civ. P. 53 (Doc. 111) is DENIED.

17. Defendants' *Nunc Pro Tunc* Motion to Consider Defendant Frailey's Responses to Plaintiff's Freedom of Admissions Request Timely Served (Doc. 144) is Granted.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge